

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. Fred Norris
County Auditor
Polk County
Livingston, Texas

Opinion No. O-2297
Re: Procedure for restoration
of sanity.

Dear Sir:

We have your letter of April 26, 1940, request-
ing our opinion on the question as to whether it is neces-
sary to convene a jury to hear evidence and render a ver-
dict on a trial for restoration of sanity or whether the
county judge may conduct such hearing without a jury.

The procedure for restoration of sanity is pro-
vided for by Article 5561a, Section 4, Vernon's Annotated
Revised Civil Statutes of Texas, which article was enacted
by the 45th Leg., Acts 1937, p. 1049, ch. 446, and reads
as follows:

> "RESTORATION OF SANITY; PROCEDURE; EFFECT OF
> FINDINGS; COSTS
> Sec. 4. Upon the filing in the county court in
> which a person was convicted or in the count
> court of the county in which a person is located
> at the time he is alleged to have had his right
> mind restored, information in writing and under
> oath made by a physician legally licensed to
> practice medicine in Texas, that a person not
> charged with a criminal offense, who has been
> adjudged to be of unsound mind, has been restored
> to his right mind, the judge of said court shall
> forthwith, either in term time or vacation, order
> said person brought before him by the sheriff of
> the county and if said issue be in doubt said
> judge shall cause a jury to be summoned and im-
> paneled in the same manner as is provided for in
> Sec. 3 hereof and shall proceed to the trial of
> said issue, or if there appears no doubt as to
> said issue, said judge may try the same without
> the intervention of a jury, and if said person
> shall be found to be of sound mind, a judgment
> shall be entered upon the minutes of said court

reciting and adjudging such fact and said person shall, if then under restraint, be immediately discharged, or in the event he shall be found to be still of unsound mind, he shall be returned by the county court to the place of restraint from which he had been previously ordered, and the original order of commitment shall continue in full force and effect. All costs of proceedings of restoration shall be paid by the county."

We call your attention to that part of the above quoted statute which reads "or if there appears no doubt as to said issue, said judge may try the same without intervention of a jury." The statute purports to leave the determination of whether or not a jury shall be called in such case within the discretion of the county judge.

A sanity trial, whether it be to declare a person insane in the first instance or to restore sanity to one previously declared insane is unquestionably a proceeding involving the liberty of that person. The Supreme Court of Texas in White v. White, 196 SW 508, held that a statute providing for the issue of sanity to be determined by a commission of six physicians to be appointed by the county judge was unconstitutional in that it deprived the defendant of his right of trial by jury as guaranteed by Sections 15, 19 and 29 of Article I of the Texas Constitution.

Under the authority of the White case, we are compelled to construe the above quoted statute to mean, that the county judge may try the issue of restoration of sanity without a jury only if a jury has been expressly waived by the person being tried.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 20, 1940

By (Signed) WALTER R. KOCH
                        Assistant

s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

WRK:AW
AMM

Approved Opinion Committee
By RWF, Chairman